# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 3:10-cv-00431-RCJ-VPC |
| vs. | ) | |
| $39,680 IN UNITED STATES CURRENCY, | ) | ORDER |
| Defendant. | ) | |

This case arises out of the seizure of $39,680 at the Amtrak Station in Reno, Nevada. Pending before the Court are the Government's Motion to Strike Answer (ECF No. 9) and Claimant's Motions for Leave to File Late Pleading (ECF Nos. 10, 12).

## I.   FACTS AND PROCEDURAL HISTORY

On February 9, 2010, a consensual search of the sleeper car of Songkham and Vinai Sirivongsa by the Reno Police Department yielded five vacuum-sealed bundles of U.S. currency inside sealed envelopes, totaling $39,680. (*See* Compl. ¶¶ 7–14, July 15, 2010, ECF No. 1). When consensual questioning yielded inconsistent stories as to the money's ownership, the officers telephoned James Sirivongsa, Songkham's father, who denied that he had given his son the money, as his son had claimed, and denied that he owned the money. (*Id.* ¶¶ 17–20). Based on the suspicion that the currency was illegally obtained, the officers seized it, and a canine alerted to the presence of illegal drugs when it sniffed the currency. (*Id.* ¶¶ 21–22).

The Government filed the present Complaint for Forfeiture in Rem on July 15, 2010. James and Songkham Sirivongsa (collectively, "Claimants") filed an Answer. (*See* Answer, Sept.

1, 2010, ECF No. 5). The Government has moved to strike the Answer because Claimants have filed no verified claim. (*See* Mot., Oct. 20, 2010, ECF No. 9). Claimants have twice moved to file a late response, (*see* Mot., Nov. 9, 2010, ECF No. 10; Mot., Nov. 24, 2010, ECF No. 12), and the second request (which is erroneously labeled as the "first" request, as the actual first request is) is accompanied by two exhibits. Exhibit A consists of: (1) a "Verified Claim of Interest" in the $39,680 in U.S. currency, signed by Claimants' attorney; (2) an "Affidavit and Acknowledgment" signed by James Sirivongsa confirming an unspecified claim in the present case, dated November 24, 2010; and (3) an otherwise identical "Affidavit and Acknowledgment" signed by Songkham Sirivongsa confirming an unspecified claim in the present case, dated November 4, 2010. Attached to the late response itself are: (1) a "Notice of Claim" sent to the Drug Enforcement Administration in Virginia and signed by Claimants' attorney; (2) an "Attestation and Oath" signed by James Sirivongsa verifying his claim to the $39,680 in currency; and (3) a February 26, 2010 letter from Claimants' attorney to the Government's attorney in this case notifying him of his representation of James Sirivongsa.

## II. LEGAL STANDARDS

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
> (A) identify the specific property claimed;
>
> (B) identify the claimant and state the claimant's interest in the property;
>
> (C) be signed by the claimant under penalty of perjury; and
>
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Supp. R. Certain Adm. and Mar. Cls. G(5)(a)(i)(A)–(D). Where there is no direct notice or publication and the property is in the Government's possession, a verified claim must be served on the proper government attorney within sixty (60) days after the Government's complaint against the property is filed. Supp. R. Certain Adm. and Mar. Cls. G(5)(a)(ii)(C)(1).

A verified claim may, at the district court's discretion, be filed late where the answer is timely filed or the claimant otherwise has made his claim to the property known to the Government and the court. Where a claimant timely "comes forward," for example by filing an answer, a district court has discretion to extend the time to verify the claim:

> We do not minimize the significance of the requirement that a claim be verified on oath or solemn affirmation. We have recognized that the danger of false claims is substantial. *See Baker v. United States*, 722 F.2d 517, 519 (9th Cir. 1983). However, where a claimant has made known to the court and the government his interest in the subject property (in this case, by filing an answer asserting ownership of the property) before the deadline set for the filing of a proper claim has passed, the policy interest underlying the requirement of a timely verified claim would not be injured by allowing the claimant to perfect his claim by subsequent verification. We agree that "amendments should be liberally permitted to add verifications to claims originally lacking them." 7A J. Moore & A. Pelaez, Moore's Federal Practice, ¶ C.16, at 700.16 (2d ed. 1983).
>
> Of course, the government should not be required to proceed to trial with a case where no claimant files a timely verified claim. If a claimant does timely come forward, but fails to verify his or her claim, the government can move the court to have the property forfeited for lack of a verified claimant. Presumably, the claimant could then ask the court to exercise its discretion to allow late filing of a verified claim.

*United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985) (footnote omitted).

### III. ANALYSIS

The Government filed the Complaint on July 15, 2010. Claimants timely filed an Answer forty-eight (48) days later on September 1, 2010. Therefore, the Court has discretion to permit the late filing of a verified claim. *Id.* Claimants have timely put the Government on notice of their claim to the property and will be allowed to file verified claims. Claimants have filed insufficient verified claims. The documents that collectively constitute Exhibit A to the second request to extend time to respond appear to represent an attempt to file verified claims; however, Claimants do not in their affidavits include the required details of a verified claim. Those details are included only in the letter signed by Claimants' attorney, which accompanies Claimants'

affidavits. First, the Court is not concerned with counsel's attestations. He is not a Claimant. It is the Claimant who must attest, under penalty of perjury, to his interest in the property. Second, it is also not clear whether Claimants each claim the entire amount of currency to the exclusion of the other Claimant, whether they each claim an undivided interest in the currency, or some other circumstance. This is why the rules require a claimant to state with specificity his claimed interest in the property. To eliminate confusion, the Court will deny the motion to strike, without prejudice, and Claimants shall be required to file into the record separate verified claims unencumbered by any other documents, and which clearly specify their respective interests in the currency, as required by Rule G(5).

## CONCLUSION

IT IS HEREBY ORDERED that the Motions for Leave to File Late Pleading (ECF Nos. 10, 12) are GRANTED.

IT IS FURTHER ORDERED that the Motion to Strike Answer (ECF No. 9) is DENIED, without prejudice.

IT IS FURTHER ORDERED that **within fourteen days** each Claimant shall file into the record a verified claim, unencumbered by any other documents, and which: (1) specifies the property claimed; (2) identifies the Claimant and states his interest in the property; (3) is signed by the Claimant under penalty of perjury; and (4) is served on the Government's attorney. Failure to adhere strictly to this directive will result in reconsideration of the Government's motion to strike.

IT IS SO ORDERED.

Dated: December 29, 2010

_____
ROBERT C. JONES
United States District Judge