```
          FILED              RECEIVED
          ENTERED            SERVED ON
                     COUNSEL/PARTIES OF RECORD

              FEB 2 5 2011

          CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
BY:                          DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$39,680 IN UNITED STATES CURRENCY,<br><br>Defendant. | 3:10-cv-00431-RCJ-VPC<br><br>**ORDER** |

This case arises out of the seizure of $39,680 at the Amtrak Station in Reno, Nevada. The Court previously denied the Government's Motion to Strike Answer (ECF No. 9) without prejudice and granted Claimants' Motions for Leave to File Late Pleading (ECF Nos. 10, 12). Because Claimants had filed a timely Answer, the Court found that it had discretion to permit a late verified claim. *See United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985). The Court ruled:

> **within fourteen days** each Claimant shall file into the record a verified claim, unencumbered by any other documents, and which: (1) specifies the property claimed; (2) identifies the Claimant and states his interest in the property; (3) is signed by the Claimant under penalty of perjury; and (4) is served on the Government's attorney. Failure to adhere strictly to this directive will result in reconsideration of the Government's motion to strike.

(Order 4:15–20, Dec. 29, 2010, ECF No. 17). Sixteen days later, Claimant James Sirivongsa filed a Verified Claim stating:

> 1. The property I am claiming is $39,680.00 . . . in United States Currency which was wrongfully taken from the person of my son, SONGKHAM SIRIVONGSA, by Reno Police officers on February 9, 2010, while on an Amtrak train;

> 2. I am JAMES SIRIVONGSA and the U.S. Currency had been entrusted to my son, SONGKHAM SIRIVONGSA in connection with our family business, on which he was returning when the currency was wrongfully seized;

(*See* Verified Claim, Jan. 14, 2011, ECF No. 18).

Claimant failed to strictly adhere to the time limit given by the Court. More importantly, Claimant has not sufficiently identified his interest in the currency other than to declare that he owns it. A bare claim of ownership satisfies the first requirement, but not the second. Claimant has not identified the source of the money other than to vaguely state it is connected to a "family business." The reaction of the canine to the money is a good indication what that business may consist of.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 19) is GRANTED and the Answer (ECF No. 5) is STRICKEN.

IT IS SO ORDERED.

Dated this 25th day of February, 2011.

_____
ROBERT C. JONES
United States District Judge