FILED ___ ENTERED ___ RECEIVED ___ SERVED ON COUNSEL/PARTIES OF RECORD

MAR 2 4 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> $39,680 IN UNITED STATES CURRENCY, ) <br> ) <br> Defendant. ) <br> ) | 3:10-cv-00431-RCJ-VPC <br><br> **ORDER** |

This case arises out of the seizure of $39,680 at the Amtrak Station in Reno, Nevada. The Court previously denied the Government's Motion to Strike Answer (ECF No. 9) without prejudice and granted Claimants' Motions for Leave to File Late Pleading (ECF Nos. 10, 12). Because Claimants had filed a timely Answer, the Court found that it had discretion to permit a late verified claim. *See United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985). The Court ruled:

> **within fourteen days** each Claimant shall file into the record a verified claim, unencumbered by any other documents, and which: (1) specifies the property claimed; (2) identifies the Claimant and states his interest in the property; (3) is signed by the Claimant under penalty of perjury; and (4) is served on the Government's attorney. Failure to adhere strictly to this directive will result in reconsideration of the Government's motion to strike.

(Order 4:15–20, Dec. 29, 2010, ECF No. 17). Sixteen days later, Claimant James Sirivongsa filed a Verified Claim stating:

> 1. The property I am claiming is $39,680.00 . . . in United States Currency which was wrongfully taken from the person of my son, SONGKHAM SIRIVONGSA, by Reno Police officers on February 9, 2010, while on an Amtrak train;

> 2. I am JAMES SIRIVONGSA and the U.S. Currency had been entrusted to my son, SONGKHAM SIRIVONGSA in connection with our family business, on which he was returning when the currency was wrongfully seized;

(*See* Verified Claim, Jan. 14, 2011, ECF No. 18).

The Court then granted the Government's Motion to Reconsider (ECF No. 19), because: (1) Claimant failed to adhere to the time limit given by the Court; and (2) Claimant did not sufficiently identify his interest in the currency other than to declare that he owned it. The Court then entered a Judgment of Forfeiture (ECF No. 25).

Claimant has moved for the Court to reconsider. He argues that his claim that he owns the res was sufficient. The Court will give claimant an additional opportunity to sufficiently state his interest in the res.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 26) is GRANTED in part. Claimant shall file a new verified claim within fourteen (14) days stating his interest in the Defendant res. Claimant shall identify the source of the funds (e.g., from which bank account) and confirm that the funds are not to his knowledge the proceeds of any drug transactions by himself, his son, or anyone else. Claimant shall include with the verification some substantiation of the source of the funds, such as a transaction receipt from a bank.

IT IS FURTHER ORDERED that the Default (ECF No. 24) is SET ASIDE and the Judgment of Forfeiture (ECF No. 25) is VACATED.

IT IS SO ORDERED.

Dated this 24th day of March, 2011.

_____
ROBERT C. JONES
United States District Judge