1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6

UNITED STATES OF AMERICA,                )

7                                         )
                    Plaintiff,            )

8                                         )        3:10-cv-00431-RCJ-VPC
          vs.                             )

9                                         )
$39,680 IN UNITED STATES CURRENCY,        )        **ORDER**

10                                        )
                    Defendant.            )

11  _____   )

12       This case arises out of the seizure of $39,680 at the Amtrak Station in Reno, Nevada.

13  The Court previously denied the Government's Motion to Strike Answer (ECF No. 9) without

14  prejudice and granted Claimants' Motions for Leave to File Late Pleading (ECF Nos. 10, 12).

15  Because Claimants had filed a timely Answer, the Court found that it had discretion to permit a

16  late verified claim. *See United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th

17  Cir. 1985).  The Court ruled:

18       **within fourteen days** each Claimant shall file into the record a verified claim,
         unencumbered by any other documents, and which: (1) specifies the property

19       claimed; (2) identifies the Claimant and states his interest in the property; (3) is
         signed by the Claimant under penalty of perjury; and (4) is served on the

20       Government's attorney.  Failure to adhere strictly to this directive will result in
         reconsideration of the Government's motion to strike.

21

22  (Order 4:15–20, Dec. 29, 2010, ECF No. 17).  Sixteen days later, Claimant James Sirivongsa

    filed a Verified Claim stating:

23
         1. The property I am claiming is $39,680.00 . . . in United States Currency

24       which was wrongfully taken from the person of my son, SONGKHAM
         SIRIVONGSA, by Reno Police officers on February 9, 2010, while on an Amtrak

25       train;

1

2          2. I am JAMES SIRIVONGSA and the U.S. Currency had been entrusted to
    my son, SONGKHAM SIRIVONGSA in connection with our family business, on
3    which he was returning when the currency was wrongfully seized;

4   (*See* First V.C., Jan. 14, 2011, ECF No. 18).

5          The Court then granted the Government's Motion to Reconsider (ECF No. 19), because:

6   (1) Claimant failed to adhere to the time limit in the order; and (2) Claimant did not sufficiently

7   identify his interest in the Defendant res other than to declare that he owned it.  The Court then

8   entered a Judgment of Forfeiture (ECF No. 25).

9          Claimant moved for the Court to reconsider.  The Court granted the motion, vacated the

10   judgment of forfeiture, and gave claimant an additional opportunity to sufficiently state his

11   interest in the Defendant res.  The Government now asks the Court to vacate that order and

12   reinstate the judgment of forfeiture.  In the meantime, Claimant has filed a new verified claim.

13          The Court gave Claimant several chances to show his legitimate interest in the Defendant

14   res because it wished to assure itself that the funds had not been wrongfully seized, but the Court

15   is now firmly satisfied that the Defendant res likely constitutes the proceeds of illegal activity.

16   Claimant James Sirivongsa attests that the $39,680 constitutes the proceeds of the sale of a

17   restaurant.  He attests that in or about September 2009, he sold Sophia's Thai Cuisine in Chico,

18   California for $80,000, with a down payment of $20,000 and monthly payments of $2000.

19   (Second V.C. ¶¶ 4–5, Apr. 1, 2011, ECF No. 29).  He attests that in February 2010, he sent his

20   son Songkham to Bowling Green, Ohio to investigate the purchase of a restaurant and authorized

21   him to take the Defendant res from the family safe. (*Id.* ¶¶ 6–7).[1]  Songkham determined that the

22   purchase would be ill-advised, and officers of the Reno Police Department seized the Defendant

23   _____

24          [1]At this point in time, the proceeds from the alleged sale of Sophia's would have totaled
    only $28,000 or $30,000: $20,000 plus $2000 monthly payments for October 2009, November
25   2009, December 2009, January 2010, and perhaps February 2010.  Claimant attests that the
    difference is accounted for by "other on-gong [ongoing?] income." (*Id.* ¶ 13).

1    res during his return trip. (*Id.* ¶¶ 8–10).  Claimant attests that he deals in cash because he

2    distrusts banks due to his upbringing in southeast Asia. (*Id.* ¶ 12).  He disclaims any knowledge

3    of drug trafficking or sales. (*Id.* ¶ 14).  There is no affidavit from Songkham.  Claimant also

4    attaches the purported sales contract between him and a Mr. Chinn Bussarakham for the sale of

5    Sophia's. (*See* Agreement to Sell Business, Sept. 12, 2008, ECF No. 29-1).  The copy of this

6    document adduced is faint, and the signatures are unclear.  Sirivongsa claims he sold Sophia's in

7    2009, but the attached sales agreement and payment log indicate 2008.  This evidence is not

8    sufficient to counter the reaction of the canine to the Defendant res at the scene and Claimant's

9    denial to officers that he owned the Defendant res as described to him or that he had given

10    Songkham any money to open a restaurant, but that he had once given him $6000. (*See* Verified

11    Compl. ¶¶ 19–20, July 6, 2010, ECF No. 1).

12    **CONCLUSION**

13       IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 28) is GRANTED.

14       IT IS FURTHER ORDERED, ADJUDGED, and DECREED that judgment be and is

15    entered against the Defendant res in favor of Plaintiff and as against all persons and entities

16    having any interest in such property, and that the Defendant res be, and the same is, hereby

17    forfeited to the United States of America and no right, title, or interest in the Defendant res shall

18    exist in any other party.  The Defendant res shall be disposed of according to law.

19       IT IS SO ORDERED.

20       Dated this 8th day of April, 2011.

21

22                  ROBERT C. JONES
                    United States District Judge

23

24

25